20083

C. M. McDANIEL, Appellant, v. Ada F. ALLEN and
Grant R. Allen, Respondents

(217 S. E. (2d) 773

*Felix L. Finley, Jr., Esq.*, of Pickens, *for Appellant*, cites:

*Earle McGee Rice, Esq.,* of Anderson, *for Respondents,* cite:

August 19, 1975.

Moss, Chief Justice:

C. M. McDaniel, the appellant herein, on July 1, 1971, recovered a judgment in the Court of Common Pleas for

Greenville County against Grant R. Allen, in the amount of $52,973.43. This judgment was duly entered in the office of the Clerk of Court for Greenville County, and on July 6, 1971, was duly transcripted to Anderson County and en- tered of record in the Clerk of Court's Office. Thereafter, an execution on said judgment was duly issued and delivered to the sheriff of Anderson County, and such was returned *nulla bona*.

The appellant instituted this equitable action against Ada F. Allen and Grant R. Allen, the respondents herein, to set aside a conveyance of real estate by Grant R. Allen to his wife, Ada F. Allen, dated and recorded on June 24, 1971, in Deed Book 16-X, Page 70, R.M.C. Office for Anderson County. The appellant alleges that this conveyance was given without valuable consideration with the intent to defraud the appellant, a judgment creditor, in violation of the Statute of Elizabeth, Section 57-301 of the Code. The respondents' answer was a general denial.

This case was referred to the Probate Judge of Ander- son County, as Special Referee, who held a Reference and filed a Report. Exceptions to the Report were argued before the presiding judge who confirmed the Master's findings of fact and conclusions of law with certain modifications. The appellant prosecutes this appeal from the findings of the Special Referee and the trial judge.

It appears from the record that the lot of land in ques- tion was conveyed on May 20, 1965, by deed of record in Deed Book 14-R at Page 267, R.M.C. Office for Anderson County, to the respondents by Audrey K. May, individually, and as executrix of the will of Merrill R. May, subject to a mortgage in favor of Perpetual Building and Loan Associa- tion of Anderson, South Carolina.

The deed of Grant R. Allen to Ada F. Allen, which the appellant seeks to set aside, recites a consideration of $2,- 500.00 and conveys the right, title, and interest of the hus- band in and to the lot described therein. The preamble in

this deed states that there is a mortgage upon the said property in favor of the Perpetual Building and Loan Association, and the payments upon said mortgage have been primarily made by Ada F. Allen since the purchase of the property. It is further recited that the parties desire to have settlement of their property rights as between them with regard to said property. The amount of the indebtedness to the Building and Loan, as of the date of the Reference on May 4, 1972, was $16,105.76. The monthly payments were $158.00. There is documentary evidence that Ada F. Allen paid from her personal funds a down payment of $500.00 and upon the delivery of the deed to the property in question, she paid an additional amount of $2,290.52, making a total of $2,790.52.

It appears that on June 24, 1971, the respondents consulted with an attorney and tax expert concerning the transfer of Grant R. Allen's interest in the property to Ada F. Allen. He made certain calculations in order to determine the interest of Grant R. Allen in the property. He testified that he had made the income tax returns for the Allens for some period of time and knew the financial situation of the parties. Based upon this prior knowledge and his calculations, he determined that $2,500.00 was more money than the value of Grant R. Allen's interest in the property. He also determined as a fact that most of the house payments had been made by Ada F. Allen. The record shows that at the time of the execution and delivery of the deed by the husband to the wife she gave him a personal check in the amount of $2,500.00 as consideration for his interest in the property.

The wife testified that she worked until July 15, 1970, and for three years prior to her retirement she earned $11,000.00 per year. She further testified that her purpose in working was to buy and pay for a home, and that she made ninety per cent of the mortgage payments. Her testimony was substantiated by her personal checks to the Building and Loan. She categorically stated that she had no intent

of defrauding anyone in making the settlement with her husband and was only attempting to protect her own interest because it was her property, and she only wanted what was hers. She further testified that she had placed in the home at her own expense carpet and drapes and had planted shrubbery around the house. She said that she had personally bought a lot 10 feet wide adjoining the property in question. She said she had also paid off the second mortgage on the property in the amount of $1,500.00. There is testimony that the value of the house and lot in question was $35,000.00. The appellant agreed that this was the value of the house and it was confirmed by an appraiser in his behalf.

The Special Referee found as a fact and concluded as a matter of law that the conveyance from Grant R. Allen to his wife was based upon a fair and adequate consideration, and there was no intent to defraud the appellant. Upon exceptions being taken to this holding, the trial judge concurred in the conclusion of the Special Referee. This appeal followed.

Under the provisions of the Statute of Elizabeth, Section 57-301, every conveyance made "for any intent or purpose to delay, hinder, or defraud creditors and others of their just and lawful actions, suits, debts, * * * shall be deemed and taken * * * to be clearly and utterly void, frustrate, and of no effect."

In the case of *Jeffords v. Berry*, 247 S. C. 347, 147 S. E. (2d) 415, Justice Bussey speaking for this Court, and discussing fraudulent conveyances under Section 57-301 of the Code, said:

"Our courts, in interpreting this statute, have held that conveyances shall be set aside under two conditions: First, where the transfer is made by the grantor with the actual intent of defrauding his creditors where that intent is imputable to the grantee, even though there is a valuable consideration; and, second, where a transfer is made without

actual intent to defraud the grantor's creditors, but without consideration. *Farmers' Bank v. Bradham,* 129 S. C. 270, 123 S. E. 835; *McInnis v. McRae,* 134 S. C. 162, 132 S. E. 473."

The deed in question was not without consideration; it does not fall within the second classification above mentioned and may not be set aside as fraudulent without an actual intent on the part of the grantor imputable to the grantee to delay, hinder, or defraud creditors of the grantor. There is no evidence in this record that the conveyance was made without consideration or that the consideration named was inadequate.

In the case of *McElwee v. Kennedy,* 56 S. C. 154, 34 S. E. 86, we said:

"To annul for fraud a deed based upon a valuable considerable consideration, it must not only be shown that the grantor intended thereby to hinder, delay or defraud creditors, but it must also appear that the grantee participated in such fraudulent purpose. Even if we were to assume that there is evidence of *mala fides* in the grantor, yet if the sole purpose of the grantee was to secure her claims, having no intent to hinder, delay or defeat other creditors, her title cannot be affected by the *mala fides* of the grantor. The evidence fails utterly to show any intent on the part of the grantee to defraud her husband's creditors, and merely shows a purpose to secure her own *bona fide* claims."

In an equity case, findings of fact by a Special Referee and concurred in by a circuit judge, are conclusive upon this Court, and will not be disturbed unless it is shown that such findings are without any evidence to support them or are against the clear preponderance of the evidence. *Carsten v. Wilson,* 241 S. C. 516, 129 S. E. (2d) 431.

We have reviewed the evidence in this case and we conclude such supports the factual conclusions reached by the lower court. We think the evidence fails to show any intent

on the part of the wife to defraud her husband's creditors, and merely shows a purpose to secure her own *bona fide* claim.

The appellant has assigned a number of exceptions to the decree of the lower court, but we think the basic question is whether there was fraudulent intent on the part of the wife to defraud creditors of her husband. Having heretofore reached the conclusion that there was no fraudulent intent on the part of the wife to defraud her husband's creditors, it becomes unnecessary for us to pass upon the other questions raised.

At the suggestion of counsel for the respondents, the trial judge awarded the appellant the sum of $3,140.00, with interest from the date of the conveyance from the husband to his wife, finding that this amount represented the equitable interest of the husband in the property so conveyed. This portion of the order of the lower court has not been questioned by an appropriate exception and presents no question for our determination. We, therefore, express no opinion as to this ruling of the trial judge.

The exceptions of the appellant are overruled, and the judgment below is,

Affirmed.

LEWIS and BUSSEY, JJ., concur.

LITTLEJOHN and NESS, J.J., dissent.

LITTLEJOHN, Justice (dissenting):

I respectfully dissent and would reverse the order of the circuit court. In so doing I am well aware of the rule requiring an affirmance when the findings of the referee are concurred in by the trial judge unless the findings are clearly against the preponderance of the evidence, or based on an error of law. In my view the controlling facts in this case are either undisputed, or proved to the exclusion of all other reasonable inferences, or proved by the clear preponderance of the evidence.

The defendant, Grant R. Allen, owed the plaintiff, C. M. McDaniel, some $50,000.00. An action was commenced against him in February 1971, for the purpose of reducing the claim to judgment. Attorney Robert N. Daniel, Jr., filed an answer to the complaint. The matter was set for a jury trial at a term of court commencing June 21, 1971, in Greenville, before Judge Frank Eppes. When the case was called for trial on June 22, Mr. Daniel advised the trial judge that he was withdrawing from the case, whereupon the judge set the case for June 28. On this date Mr. Daniel announced that he was officially withdrawing from the case and advised the judge that Attorney Robert Otter, of Anderson, would represent the defendant. Mr. Otter declined to represent the defendant and the defendant appeared in court on June 30 without counsel, stating that he waived a jury trial; that he owed the money and that he had no defense. The judge entered up judgment for a total $52,973.43 by his order dated July 1. This judgment was transferred to the Anderson County Clerk of Court on July 6, 1971.

On June 24, while McDaniel was attempting to get his claim reduced to judgment, the defendants, Ada F. Allen and Grant R. Allen, went to the office of Attorney Richard Otter, who had serviced their income tax returns over the years. A deed was executed whereby Grant R. Allen conveyed his one-half interest in the real estate involved in this action, appraised at $35,000.00, to his wife, Ada F. Allen, for the sum of $2,500.00, and she paid him that amount by check. The deed was immediately recorded in the office of the Clerk of Court for Anderson County.

It is the contention of Ada F. Allen that her actions were not for the purpose of defrauding McDaniel, but solely for the purpose of protecting her own interests. It is the testimony of Attorney Otter that he (by reason of having assisted them with their income taxes) knew of their financial situations and that, based on his knowledge of their affairs, he valued the husband's interest in the property at $2,500.00.

At the same time, he admitted that he had never seen the property. The husband and the wife, and their attorney, thereby undertook to adjust their own equities.

At the time this deed was made, three persons were interested in the property involved: (1) Grant R. Allen, (2) Ada F. Allen, and (3) C. M. McDaniel. McDaniel was striving to finalize his judgment so as to perfect his lien.

Grant R. Allen did not testify in the case, and it can hardly be seriously argued that he did not act in an effort to defraud his creditor. He converted his claimed interest in the real estate to cash and has obviously dissipated the money. The money is not now available to either Ada F. Allen or to McDaniel.

Ada F. Allen was well aware of the fact that her husband was one step ahead of his creditor. Although she equivocates about the matter and denies knowledge of court procedures, she admitted:

"Q. Then your answer is, that the purpose of making this deed and recording it; was to keep that judgment from coming in?

"A.. Well, at that particular time I suppose so. But, I had wanted it long before that, I felt that it should be in my name all the time."

We have held that a deed should be set aside where the transfer is made by the grantor with actual intent to defraud his creditors where the intent is imputable to the grantee, even though there is a valuable consideration. It must be conceded that a valuable consideration, two thousand five hundred dollars ($2,500.00) was paid. In my view, it is inescapable that the grantor had intent to defraud McDaniel and that his intent was imputable to his wife, the grantee. Accordingly the plaintiff was entitled to relief.

It would appear from the record that after this matter was heard by the master in equity and his report was filed, exceptions were taken to that report. Upon a hearing of the exceptions by the circuit judge, apparently he indicated

some concern with the fact that the grantee, through her actions, had assisted the grantor in converting real estate to cash and, by so doing, made it possible for the grantor to dissipate the consideration paid. Thereafter, counsel for the grantee suggested to the court by letter that:

"[A]s a fair and equitable solution to this matter that my client be required to pay to the Petitioner the sum of Two Thousand Five Hundred ($2,500.00) Dollars, plus interest from the date of the conveyance, or, in the alternative, if you feel that Sam Jones was a qualified realtor and accept his Thirty Five Thousand ($35,000.00) Dollar appraisal that my client pay to the Petitioner Three Thousand One Hundred Forty ($3,140.00) Dollars, plus interest from the date of the conveyance."

The trial judge confirmed the report of the master, refusing to set the deed aside, but took counsel's suggestion and decreed that "the Defendant, Ada F. Allen, should be required to pay over Three Thousand One Hundred Forty ($3,140.00) Dollars, plus interest thereon from the date of the conveyance to the Plaintiff [McDaniel] in full and final settlement of any claim that the Plaintiff has against such Defendant." The court thereby attempted to readjust the equities.

The only issue before the court was whether there was a fraudulent conveyance which should be set aside.

The offer to pay McDaniel is, I think, a tacit admission that the intent of Grant R. Allen to defraud, was imputable to Ada F. Allen. As pointed out in the majority opinion, she was entitled to protect her own interest, but she was not entitled to do so at the expense of another who has a valid claim against the property. The direction that the grantee pay to McDaniel the sum of $3,140.00 compromises the claim of McDaniel, without giving him an opportunity to be heard on the issue.

If Ada F. Allen, the grantee, has a valid claim against this property, she should establish the same in a proceeding

wherein McDaniel is her adversary, and wherein the issues are properly before the court. I would hold that the plaintiff has proved his case by the clear preponderance of the evidence, and that the judgment of the lower court should be reversed and the deed set aside.

NESS, J., concurs.