**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kern Stafford and Elizabeth Stafford, Appellants,

v.

Satyanand Prashad, Shridath Prashad, Wells Fargo Bank NA, Morris Hardwick Schneider, LLC, Respondents.

Appellate Case No. 2010-179647

———————

Appeal From York County
S. Jackson Kimball, III,
Special Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-339
Heard September 11, 2012 – Filed August 7, 2013

———————

**AFFIRMED IN PART AND REVERSED IN PART**

———————

Mitchell K. Byrd, Sr., of Mitchell Byrd Attorney, of Greenville, and John S. Nichols, of Bluestein, Nichols, Thompson, & Delgado, LLC, of Columbia, for Appellants.

Stanley T. Case, Thomas A. Phillips, both of Butler, Means, Evins, & Browne, PA, and John Kevin Owens of J. Kevin Owens, LLC, all of Spartanburg, for Respondents Satyanand Prashad and Shridath Prashad;

Thomas W. Traxler and Travis Verne Olmert, both of Carter, Smith, Merriam, Rogers, & Traxler, PA, of Greenville, for Respondent Morris Harwick Schneider, LLC; Franklin H. Turner, III, of Rogers, Townsend, & Thomas, PC, of Columbia, for Respondent Wells Fargo Bank.

---

**PER CURIAM:**  Kern Stafford and Elizabeth Stafford (Staffords) appeal the trial court's grant of summary judgment in favor of Satyanand Prashad and Shridath Prashad (Prashads) and Morris Harwick Schneider, LLC (Law Firm) on the Staffords' claims for a fraudulent conveyance in violation of the South Carolina Fraudulent Conveyance Statute (hereinafter the Statute of Elizabeth),[1] negligence, and violation of the South Carolina Unfair Trade Practices Act.[2]  They also appeal the trial court's imposition of sanctions in favor of the Law Firm.

We find no error in the trial court granting summary judgment on the Statute of Elizabeth cause of action.  Because a clear and convincing evidentiary standard governs fraudulent conveyance claims, the Staffords must submit more than a mere scintilla of evidence to withstand a motion for summary judgment. *See Oskin v. Johnson*, 400 S.C. 390, 396, 735 S.E.2d 459, 463 (2012) ("A clear and convincing evidentiary standard governs fraudulent conveyance claims brought under the Statute of Elizabeth."); *Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 330-31, 673 S.E.2d 801, 803 (2009) (stating that in cases requiring a heightened burden of proof, the non-moving party must submit more than a mere scintilla of evidence to withstand a motion for summary judgment).  Even if the purchasers, the Prashads, were charged with constructive knowledge of the Staffords' pending tort action against seller Jerry Yeager, the Staffords failed to establish the Prashads participated in any fraud. *See McDaniel v. Allen*, 265 S.C. 237, 243, 217 S.E.2d 773, 776 (1975) ("To annul for fraud a deed based upon a valuable consideration, it must not only be shown that the grantor intended thereby to hinder, delay or defraud creditors, but it must also appear that the grantee participated in such fraudulent purpose.  Even if we were to assume that there is evidence of Mala fides in the grantor, yet if the sole purpose of the grantee was to secure her claims,

---

[1] S.C. Code Ann. § 27–23–10 (2007).
[2] S.C. Code Ann. §§ 39–5–10 to –560 (1985 & Supp. 2012).

having no intent to hinder, delay or defeat other creditors, her title cannot be affected by the Mala fides of the grantor."); *S.C. Nat'l. Bank v. Halter*, 293 S.C. 121, 133, 359 S.E.2d 74, 80 (Ct. App. 1987) (stating that to annul a mortgage that was supported by a valuable consideration, it must be shown not only that the mortgagor intended to hinder, delay or defraud his creditors, but also that the mortgagee participated in the fraud); 37 Am. Jur. 2d *Fraudulent Conveyances and Transfers* § 15 (2013) ("Knowledge of the purchaser at the time of his purchase that a suit was pending against his seller does not necessarily establish a fraudulent intent on his part, and the adverse evidentiary effect thereof may be overcome by proof that the purchaser acted in good faith and paid a valuable consideration."). The Prashads paid the appraised value for the property. Satyanand Prashad testified their purchase of the property was an arms-length transaction and he had no reason to believe that Yeager was trying to defraud the Staffords. We find the Staffords provided insufficient evidence the Prashads intended to aid Yeager in an alleged attempt to hinder, delay, or defraud the Staffords.

We find no error in the trial court's ruling the Law Firm had not breached a duty of care to the Staffords. As the Staffords failed to prove a fraudulent conveyance, the Law Firm could not be liable for assisting in a fraudulent conveyance. In addition, we find the trial court did not err in holding the Law Firm did not owe a duty of care to the Staffords to find and report their pending lawsuit against Yeager. *See Argoe v. Three Rivers Behavioral Ctr. & Psychiatric Solutions*, 388 S.C. 394, 400, 697 S.E.2d 551, 554 (2010) (stating that generally an attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client and holding an attorney does not owe a duty to a non-client unless the attorney "breaches some independent duty to a third person or acts in his own personal interest, outside the scope of his representation of the client."); *Rydde v. Morris*, 381 S.C. 643, 650, 675 S.E.2d 431, 435 (2009) (stating South Carolina law imposes a privity requirement as a condition to maintaining a legal malpractice claim). In addition, we disagree with the Staffords' assertion the Law Firm owed them a fiduciary duty because they were former clients of the firm. *See Spence v. Wingate*, 395 S.C. 148, 160-162, 716 S.E.2d 920, 927-928 (2011) (stating the fiduciary duties created by an attorney-client relationship may be breached even though the formal representation has ended and these duties include an obligation not to act in a manner adverse to a former client's interest in *matters substantially related to the prior representation*) (emphasis added). The Law Firm represented the Staffords in the closing of their house. This closing was completely unrelated to their nuisance action against Yeager, for which the Staffords had separate counsel. The

Yeager/Prashad closing was not substantially related to the Law Firm's representation of the Staffords during their closing.

We disagree with the Staffords' argument the trial court erred in granting summary judgment on their Unfair Trade Practices Act claim. *See Columbia E. Assocs. v. Bi–Lo, Inc.*, 299 S.C. 515, 522, 386 S.E.2d 259, 263 (Ct. App. 1989) ("To be actionable under the [UTPA], an unfair or deceptive act or practice must have an impact upon the public interest. The UTPA is not available to redress a private wrong when the public interest is unaffected."). We agree with the trial court that the Staffords failed to provide evidence the Law Firm engaged in any misconduct and, therefore, failed to establish any unfair or deceptive act. We also agree with the trial court that the Staffords' complaints arose from "a particular and isolated transaction not capable of repetition and not affecting the public interest."

Finally, we find the trial court erred in granting the Law Firm's motions for sanctions against the Staffords and their attorney pursuant to the South Carolina Frivolous Civil Proceedings Sanctions Act (the Act).[3] *See Father v. S.C. Dep't of Soc. Servs.*, 353 S.C. 254, 260, 578 S.E.2d 11, 14 (2003) (stating the decision whether to award sanctions under the Act is a matter in equity, entitling the appellate court to take its own view of the preponderance of the evidence); *Ex parte Gregory*, 378 S.C. 430, 437, 663 S.E.2d 46, 50 (2008) (stating where the appellate court agrees with the trial court's findings of fact, it reviews the decision to award sanctions, as well as the terms of those sanctions, under an abuse of discretion standard); *Se. Site Prep, LLC v. Atl. Coast Builders & Contractors, LLC*, 394 S.C. 97, 105, 713 S.E.2d 650, 654 (Ct. App. 2011) (stating the revisions to the Act created a "reasonable attorney" standard to determine whether sanctions are warranted). Although the trial court declined to impose sanctions for the initial assertion of the claim for professional negligence, it held the Staffords should have dismissed their claim after conducting discovery. However, the Staffords' legal theories concerning the Law Firm's liability remained the same throughout the litigation and they submitted two affidavits from their expert witness in support of their claims. While we find the trial court did not err in granting summary judgment on the Staffords' claims, we do not believe the Staffords' pursuit of their claims warranted sanctions under the Act.

---

[3] S.C. Code Ann. § 15-36-10 (Supp. 2012).

Accordingly, the trial court's grant of summary judgment on all of the Staffords' claims is affirmed.  Its award of sanctions is reversed.

**AFFIRMED IN PART AND REVERSED IN PART.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**