0345

Rex K. PRATT and Charles B. Baxley, Appellants, v. SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES and Virgil L. Conrad, individually and as Commissioner of the South Carolina Department of Social Services, of whom South Carolina Department of Social Services is the Respondent.

(324 S. E. (2d) 97)

Court of Appeals

*Rex K. Pratt* and *Charles B. Baxley*, Lugoff, *pro se.*

*Stanley H. Kohn*, of Columbia, *for respondent.*

Heard Oct. 6, 1984.

Decided Dec. 19, 1984.

SANDERS, Chief Judge:

Rex Pratt and Charles Baxley were appointed by the Kershaw County Family Court to represent minor children as either counsel or guardian *ad litem* in three separate abuse and neglect proceedings. In two of the three cases the South Carolina Department of Social Services was ordered to pay the fees of the attorney or guardian *ad litem.* When the Department subsequently refused to do so, Pratt and Baxley initiated contempt proceedings. They appeal the order of the Family Court refusing to hold the Department in contempt. We affirm.

The Department did not appeal the two orders in question here. It asserted during contempt proceedings that it did not wilfully violate the orders but was prevented from paying the fees due to the legislature's failure to appropriate funds for that purpose as evidenced by the General Appropriations Act. The family court judge found that the Department "has not wilfully disobeyed the Orders, as the Legislature has failed to appropriate funds necessary to pay such fees."

Contempt results from wilful disobedience of a court order. *Curlee v. Howe*, 277 S. C. 377, 287 S. E. (2d) 915 (1982). Once a *prima facie* case of contempt is made by pleading the order and showing noncompliance, the burden shifts to the alleged contemnor to establish his defense and inability to comply with the order. *Means v. Means*, 277 S. C. 428, 288 S. E. (2d) 811 (1982). *See also Pratt, now Martin v. Pratt*, 280 S. C. 276, 312 S. E. (2d) 577 (S. C. App. 1984). Where a contemnor is unable, without fault on his part, to obey an order of the court, he is not to be held in contempt. *Hicks v. Hicks*, 280 S. C. 378, 312 S. E. (2d) 598 (S. C. App. 1984). *See also Moseley v. Mosier*, 279 S. C. 348, 306 S. E. (2d) 624 (1983)

(parent who is unable to make child support payments as ordered is not in contempt).

While a determination of contempt is within the sound discretion of the trial judge, it is subject to reversal where based on a finding that is without evidentiary support or where there has been an abuse of discretion. *Hicks,* 312 S. E. (2d) 598; *Means,* 288 S. E. (2d) 811. This is a proceeding in equity tried by a judge alone. Therefore, we may determine the facts in keeping with our view of the preponderance of the evidence. *Hicks,* 312 S. E. (2d) 598, 599, citing *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

Based on the record before us, we find there was evidentiary support for the ruling of the trial judge and conclude he did not abuse his discretion in declining to hold the Department in contempt. However, this opinion should not be construed as holding the Department does not owe the money or that the attorneys cannot proceed otherwise against the Department for payment of their fees. As conceded by counsel for the Department at oral argument before this court, funds have now been allocated for such fees and this problem should not arise in the future.

Accordingly, the order of the Family Court is

Affirmed.

GARDNER and BELL, JJ., concur.