23691

SPARTANBURG COUNTY DEPARTMENT OF SOCIAL SERVICES,
Appellant v. Sandra LITTLE, Malcolm Little, and Dwight Strickland,
Defendants, of whom Sandra Little and Malcolm Little are Respondents.
In the Interest of Holly STRICKLAND (DOB: 7-22-74).

(420 S.E. (2d) 499)

Supreme Court

*Warren A. Kohn, South Carolina Dept. of Social Services,*
Columbia, and *Asst. Sol. Callie A. Charles,* Spartanburg, *for
appellant.*

*Richard H. Rhodes, Burts, Turner, Rhodes & Thompson,*
Spartanburg, *for respondents.*

*John C. Williams, Jr.,* Spartanburg, *for guardian ad litem
for minor child.*

Heard June 4, 1992.

Decided July 20, 1992.

HARWELL, Chief Justice:

We are presented with the question of whether attorney's fees may be assessed against a State agency acting in its capacity as plaintiff asserting the interests of a minor in a child abuse and neglect action. We conclude that the award of attorney's fees against the State is inappropriate in child abuse and neglect actions, and reverse.

## I. FACTS

Holly Strickland was taken into protective custody by appellant Spartanburg County Department of Social Services (DSS) on May 14, 1991, after she reported to DSS that she had been sexually abused by her stepfather, Malcolm Little, and neglected by her natural mother, Sandra Little. DSS placed Holly in a foster home and initiated an action pursuant to the Child Protection Act. A hearing was held on May 22, 1991, at which time the trial judge found that there was no probable cause to believe Holly had been sexually abused by her stepfather. The trial judge ordered Holly returned to the custody of her mother by order dated June 4, 1991.

DSS subsequently informed the trial judge that it intended to pursue criminal charges against Malcolm Little, despite the trial judge's determination that there was no probable cause to believe Holly had been sexually abused by her stepfather. On motion of DSS, the trial judge amended his order to retain Holly in protective custody because of the additional stresses to the family structure caused by DSS's decision to pursue criminal charges against Malcolm Little.

On July 17, 1991, Holly recanted her allegations of abuse by sworn affidavit. The parties, with the exception of Dwight Strickland,[1] executed a consent order authorizing DSS to close its case and return Holly to her mother's custody. About the same time, Malcolm and Sandra Little moved to amend their answers to DSS's complaint in order to counterclaim for attorney's fees. The trial judge ordered DSS to pay attorney's fees and costs to Sandra Little in the amount of $2,650.00, and to Malcolm Little in the amount of $5,756.18.

---

[1] Dwight Strickland is Holly's natural father.

## II. DISCUSSION

DSS asserts that S.C. Code Ann. § 15-77-300 (Supp. 1991) precludes the award of attorney's fees against the State in child abuse and neglect actions. We agree.

Section 15-77-300 provides that:

> In any civil action brought by the State, any political subdivision of the State or any party who is contesting state action, unless the prevailing party is the State or any political subdivision of the State, the court may allow the prevailing party to recover reasonable attorney's fees to be taxed as court costs against the appropriate agency if:
>
> (1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and
> (2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust.
>
> *The provisions of this section do not apply to* civil actions relating to the establishment of public utility rates, disciplinary actions by state licensing boards, habeas corpus or post conviction relief actions, child support actions, except as otherwise provided for herein, and *child abuse and neglect actions.* (Emphasis added.)

On its face, section 15-77-300 disallows the recovery of attorney's fees against the State in all child abuse and neglect actions, regardless of whether the State lacked substantial justification to press the claim. The Littles contend, however, that section 15-77-300 has been superseded in family court by S.C. Code Ann. § 20-7-420(38) (Supp. 1991), which provides:

> The family court shall have exclusive jurisdiction:
> (38) to hear and determine an action where either party in his or her complaint, answer, counterclaim, or motion for pendent lite relief prays for the allowance of suit money pendent lite and permanently. In this action the court shall allow a reasonable sum for the claim if it appears well-founded. *Suit money, including attorney's fees, may be assessed for or against a party to an action*

*brought in or subject to the jurisdiction of the family court.* An award of temporary attorney's fees or suit costs must not be stayed by an appeal of the award. (Emphasis added.)

The family court has exclusive jurisdiction over proceedings brought to protect abused and neglected children. S.C. Code Ann. § 20-7-736 (1976 & Supp. 1991). Thus, the question is whether the legislature, by enacting section 20-7-420(38) subsequent to section 15-77-300, intended to repeal that portion of section 15-77-300 that precludes the assessment of attorney's fees against the State in child abuse and neglect actions.

Our primary function in interpreting a statute is to ascertain the intent of the legislature. *Multi-Cinema, Ltd. v. South Carolina Tax Commission,* 292 S.C. 411, 357 S.E. (2d) 6 (1987). A statute must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers. *Caughman v. Columbia Y.M.C.A.,* 212 S.C. 337, 47 S.E. (2d) 788 (1948).

The legislature has granted the family court general authority to award attorney's fees against parties subject to the court's jurisdiction. However, the legislature also has determined that State intervention on behalf of abused and neglected children could be chilled if attorney's fees could be levied against the State. DSS often must act quickly and without thorough investigation to remove children who may have been abused or neglected from potentially dangerous situations. The State's ability to protect children should not be restricted by the possibility that attorney's fees may be assessed against it where the allegations of abuse or neglect later are discovered to be unsubstantiated.

As a general rule, a statute of a specific nature is not to be considered as repealed in whole or in part by a later general statute, unless there is a direct reference to the former or the intent of the legislature to repeal is explicitly implied therein. *City of Rock Hill v. South Carolina Department of Health and Environmental Control,* 302 S.C. 161, 394 S.E. (2d) 327 (1990). We do not perceive that the legislature intended for the important policy considerations implicit in section 15-77-300 to be overridden by the general grant of

authority provided in section 20-7-420(38). The intent of the legislature can better be effectuated by denying the family court the power to assess attorney's fees against the State in child abuse and neglect actions. Accordingly, we conclude that the provisions of section 15-77-300 prevail over the more general provisions of section 20-7-420(38).

Because we reverse on this issue, we need not address the additional grounds raised by DSS. The order of the trial judge is

Reversed.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.