2212

Linda Gail BURNS, Respondent v. Robert E. BURNS, Appellant.
(448 S.E. (2d) 571)

Court of Appeals

*Timothy G. Quinn,* Columbia, *for appellant.*

*Harry C. Wilson, Jr.,* Sumter, *for respondent.*

Heard May 10, 1994.

Decided July 25, 1994.

SHAW, Judge:

Appellant-husband, Robert E. Burns, alleges error in the court's finding of contempt for his failure to pay credit card and other debts and obligations of respondent-wife, Linda Gail Burns, pursuant to the parties' divorce decree. He further appeals the award of attorney's fees. We affirm as modified.

The parties were divorced on July 17, 1991. The divorce decree adopted a settlement agreement. Pursuant to this agreement, the Husband agreed to assume several credit card and debt obligations of the parties, as well as responsibility for a second mortgage.

The court held the Husband in contempt on February 6,

1991, for failing to pay credit card and other debts and ordered the Husband to satisfy the second mortgage within five months. On July 29, 1991, the Husband filed a petition in bankruptcy. On August 16, 1991, while the bankruptcy action was still pending, the court again held the Husband in contempt for failing to satisfy the second mortgage on the Wife's home. On June 15, 1992, in an order which was appealed, but the appeal later abandoned, the Bankruptcy Court found that the Husband's debt obligations pursuant to the divorce decree were non-dischargeable.

In July of 1992, the Wife brought an action to enforce the 1991 contempt order. On August 13, 1992, the court held the Husband in contempt and ordered him to make payments or be imprisoned. The Husband was also ordered to pay the Wife's attorney's fees in the amount of $5,000.00 incurred and previously awarded in the contempt action, and $4,000.00 in attorney's fees she incurred in defending her interests in the Husband's bankruptcy case. It is from this order that the husband appeals.

## I. *MODIFICATION OF PROPERTY DIVISION DUE TO CHANGED CIRCUMSTANCES*

On appeal, the Husband argues the family court erred in failing to make a finding as to his ability to make payments pursuant to the parties' 1990 divorce decree. The record establishes that on October 1, 1990, the parties entered into a settlement agreement regarding the property division. The Husband agreed to assume several credit card and debt obligations of the parties, as well as responsibility for a second mortgage. The family court specifically inquired into the ability of the Husband to handle the financial obligations under the agreement. After substantial inquiry, the court found the agreement was fair, reasonable, just and voluntarily entered into by the parties. The agreement was incorporated and merged into the parties' divorce decree.

The Husband does not argue the 1990 settlement agreement was inequitable, but essentially seeks relief through a modification of the 1990 agreement based on changed circumstances. However, the law of this state is clear that the family court *does not* have the authority to modify property divisions. *See* S.C. Code Ann. § 20-7-472 (Supp. 1993)

(the court's order as it affects distribution of marital property shall be a final order not subject to modification except by appeal or remand following proper appeal). In fact, the Husband, through argument of counsel, emphatically argues that none of the debts in question are in the nature of support. We agree with counsel that the Husband's assumption of the Wife's second mortgage and other debt obligations is not in the nature of support, but is, in fact, division of marital property. As such, the Husband seeks a modification of the parties' unappealed 1990 marital property division, which, under § 20-7-472, is not allowed in this state. Therefore, we find the Husband's argument regarding the court's failure to make findings as to his ability to make payments under the parties' 1990 property settlement agreement to be without merit.

## II. *CONTEMPT*

The Husband also takes exception to the court utilizing contempt sanctions in light of his failure to comply with the parties' 1990 settlement agreement. Contempt results from willful disobedience of a court order. *Pratt v. S.C. Dept. of Social Services*, 283 S.C. 550, 324 S.E. (2d) 97 (Ct. App. 1984). A finding of contempt is within the discretion of the trial court and will not be disturbed on appeal unless it is without evidentiary support. *Id.*

The record is clear that on February 6, 1991, the court held the Husband in contempt for failure to pay credit card and other debts. On August 13, 1992, the court again held the Husband in contempt of court and ordered that he make certain payments or be punished by imprisonment. The Husband's failure to comply with the parties' 1990 settlement agreement, as well as his noncompliance with court orders in prior contempt actions exemplifies willful disobedience of the court and supports the court's finding of contempt in this action. *See Edwards v. Edwards*, 254 S.C. 466, 176 S.E. (2d) 123 (1970) (willful disobedience by husband of order to transfer property to wife following divorce constitutes contempt). The record discloses evidence that, despite a history of noncompliance with court-ordered payments, when threatened with a jail sentence, the husband was able to discover funds to satisfy his obligations within two days. After reviewing the Husband's history of willful disobedience to court-or-

dered payments, we find no abuse of discretion in the court holding the Husband in contempt in this case.

### III. *ATTORNEY'S FEES*

Lastly, the husband alleges error in the $4,000 and ██ $5,000 awards of attorney's fees. It is clear the August 13, 1992 order did not award the $5,000 in attorney's fees, but merely confirmed the wife was entitled to this amount based on the award of this amount in a previous contempt action. If the husband wished to challenge this award, he should have done so through an appeal of the order granting the wife the $5,000 award. We therefore find no error as to the $5,000 in attorney's fees. However, the August 13, 1992 order also awarded the wife $4,000 in attorney's fees expended by the wife for representation in the husband's bankruptcy action.

The law is well settled that attorney's fees generally are not recoverable unless authorized by statute or contract. *Blumberg v. Nealco, Inc.*, — S.C. —, 427 S.E. (2d) 659 (1993). There being no contractual provision authorizing attorney's fees in this matter, we must look to the relevant statutes.

S.C. Code Ann. § 20-7-420 (Cum. Supp. 1993) provides in pertinent part:

> The family court shall have exclusive jurisdiction:
> (2) To hear and determine actions:
>> For divorce a vinculo matrimonii, separate support and maintenance, legal separation, and in other marital litigation between the parties, and for settlement of all legal and equitable rights of the parties in the actions in and to the real and personal property of the marriage and attorney's fees, if requested by either party in the pleadings.
> (38) To hear and determine an action where either party is his or her complaint, answer, counterclaim, or motion for pendente lite relief prays for the allowance of suit money pendente lite and permanently. In this action the court shall allow a reasonable sum for the claim if it appears well-founded. *Suit money, including attorney's fees, may be assessed for or against a party to an action brought in or subject to the jurisdiction of the family court.* An award of temporary

attorney's fees or suit costs must not be stayed by an appeal of the award.

(Emphasis added.)

While the family court clearly has jurisdiction to award a party attorney's fees in a domestic action, there is no provision for the award of attorney's fees by the family court based on an action brought in another court. The award of attorney's fees by the family court is limited to those fees incurred in actions brought in the family court.

For the foregoing reasons the order below is

Affirmed as modified.

HOWELL, C.J., and CURETON, J., concur.