578 S.E.2d 11

**The FATHER, Petitioner,**

v.

**SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent.**

No. 25603.

Supreme Court of South Carolina.

Heard Nov. 21, 2002.

Decided March 10, 2003.

---

Debbie Sue Mollycheck; and Connie F. Payne, of Burnette & Payne, P.A., both of Rock Hill, for Petitioner.

Susan Lynn Anderson, of South Carolina Department of Social Services and W. Allen Nickles, III, of Gergel, Nickles & Solomon, P.A., both of Columbia, for Respondent.

Tony Miller Jones, of Elrod Jones Leader & Benson, of Rock Hill, for Guardian ad Litem.

Justice PLEICONES:

We granted certiorari to consider whether the Court of Appeals erred in reversing a family court order awarding petitioner (Father) $22,000 in attorney's fees under the South Carolina Frivolous Civil Proceedings Sanction Act (the FCPSA).[1] *The Father v. South Carolina Dep't of Soc. Serv.*, 345 S.C. 57, 545 S.E.2d 523 (Ct.App.2001). We affirm.

## FACTS

Respondent Department of Social Services (DSS) determined a child abuse complaint against Father was "indicated." Father initiated an administrative appeal of this finding;[2] DSS responded by preparing to take the matter before the family court. Before DSS commenced any action, Father brought this action to have the "indicated" finding purged from DSS' records.

Following a series of hearings and orders, the family court ordered the "indicated" finding of abuse be changed to "unfounded" and awarded Father $22,000 in attorney's fees as a sanction pursuant to the FCPSA.[3] DSS appealed this award, and Father cross-appealed the denial of his request for sanctions under Rule 11, SCRCP.

The Court of Appeals held that while the family court could award sanctions under the FCPSA, the facts here did not warrant the $22,000 attorney's fee. The court reversed that award, and further held that Father was not entitled to any Rule 11 relief. *The Father, supra.* This Court granted Father's petition for a writ of certiorari. We now affirm.

---

1. S.C.Code Ann. §§ 15–36–10 to –50 (Supp.2002).

2. *See* S.C.Code Ann. § 20–7–655(A) (Supp.2002).

3. The Court of Appeals' opinion contains a complete explication of the facts.

*ISSUES*

1) Whether permitting an attorney's fee award under the FCPSA is inconsistent with this Court's decision in *Spartanburg County Dep't of Soc. Serv. v. Little,* 309 S.C. 122, 420 S.E.2d 499 (1992)?

2) What is the proper appellate standard of review under the FCPSA?

3) Whether the Court of Appeals erred when it concluded that the $22,000 award to Father was an abuse of discretion under its view of the evidence?

4) Whether Rule 11, SCRCP, sanctions should be considered in this case?

*ANALYSIS*

1. Did the Court of Appeals effectively overrule *Little* ?

South Carolina Code Ann. § 15–77–300 (Supp.2002) permits a court to tax attorney's fees against a state agency if it concludes "that the agency acted without substantial justification in pressing its claim . . ." § 15–77–300(1). This Attorney's Fee Act specifically exempts certain types of suits from its ambit, including child abuse and neglect actions. After the Attorney's Fee Act became effective on July 1, 1985, the General Assembly amended the Family Court's general jurisdiction statute to provide "suit money including attorney's fees, may be assessed for or against a party to an action brought in or subject to the jurisdiction of the family court." S.C.Code Ann. § 20–7–420(38) (Supp.2002). In *Spartanburg County Dep't of Soc. Services v. Little, supra,* this Court held that the Attorney's Fee Act in Title 15, specifically prohibiting an award of attorney's fees against DSS in a child abuse action even where DSS acted without substantial justification, prevailed over the general jurisdiction statute in Title 20.

DSS complains that the effect of the Court of Appeals' decision in this case, holding that attorney's fees and court costs may be assessed against DSS in a child abuse and neglect action under the FCPSA, effectively overrules *Little.* We disagree.

 The Attorney's Fee Act bars an award of attorney's fees in a child abuse and neglect case even where DSS has acted without "substantial justification." § 15–77–300. On the other hand, in order to receive attorney's fees and/or court costs as a sanction under the FCPSA, the aggrieved party must show that the party sought to be sanctioned acted 'frivolously.' *See, e.g., Hanahan v. Simpson,* 326 S.C. 140, 485 S.E.2d 903 (1997) (denial of summary judgment precludes finding of frivolity, and thus no sanction may be imposed under the FCPSA). A party who makes a 'frivolous' claim or raises a 'frivolous' defense has committed a more egregious act than one who merely acts 'without substantial justification.' *See Heath v. Aiken County,* 302 S.C. 178, 394 S.E.2d 709 (1990) ("A court need not go so far as to brand a claim 'frivolous' in order for it to be found to be without substantial justification").

The General Assembly specifically exempted DSS from liability for attorney's fees when it acts without substantial justification in a child abuse and neglect action. § 15–77–300. When the legislature enacted the FCPSA, and authorized the award of sanctions in the form of attorney's fees and costs against any party, including governmental entities,[4] found to have pursued frivolous litigation, it included no such exception. We are required to interpret these statutes as written. By their plain terms, the statutes exempt DSS from the payment of attorney's fees where its pursuit of a child abuse and neglect action was merely without substantial justification, but do not exempt the agency from the possibility of sanctions in the form of attorney's fees and/or court costs where its actions rise to the level of frivolity. *See, e.g., Hodges v. Rainey,* 341 S.C. 79, 533 S.E.2d 578 (2000) (Court bound to give effect to legislature's intent as expressed in plain and unambiguous statutory language). It is not for this Court to second-guess the wisdom of these decisions made by the General Assembly. *E.g., Keyserling v. Beasley,* 322 S.C. 83, 86, 470 S.E.2d 100, 101 (1996).

We agree with the Court of Appeals that attorney's fees and/or court costs **may** be awarded against DSS in an abuse and neglect case pursuant to the FCPSA. Nothing in this

---

4. *See* § 15–36–10 (Supp.2002).

decision undermines or conflicts with our decision in *Little* that attorney's fees are not awardable against DSS in a child abuse and neglect action pursuant to the Attorney's Fee Act.

2. What is the proper standard of appellate review of an award made pursuant to the FCPSA?

■ We granted Father permission to argue against precedent which holds that the decision whether to award sanctions under the FCPSA is a matter in equity, entitling the appellate court to take its own view of the preponderance of the evidence. *Kilcawley v. Kilcawley,* 312 S.C. 425, 440 S.E.2d 892 (Ct.App.1994) *cited with approval in Hanahan v. Simpson, supra.* Father argues we should substitute an "abuse of discretion" standard. We adhere to precedent.

■ The decision to impose a sanction under the FCPSA is to "be determined by the trial judge at the conclusion of a trial...." S.C.Code Ann. § 15–36–30 (Supp.2002). Since the decision whether to impose sanctions under the FCPSA is a decision for the judge, not the jury, it sounds in equity rather than at law. *Cf. Flagstar Corp. v. Royal Surplus Lines,* 341 S.C. 68, 533 S.E.2d 331 (2000) (noting right to trial by jury in law case). Pursuant to the South Carolina Constitution, an appellate court reviews findings of fact in an equity matter taking its own view of the evidence. S.C. Const. art. V, § 5; *see also* S.C.Code Ann. § 14–3–320 (Supp.2002).

Father argues that the United States Supreme Court's decision in *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), setting forth the federal appellate standard of reviewing a sanction award pursuant to Rule 11, FRCP, applies by analogy and requires this Court to alter our scope of review. We disagree.

In *Cooter and Gell,* the Supreme Court explained:

If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the fact-finder's choice cannot be clearly erroneous....

The fact that the federal courts employ a more deferential standard of review is not mandated by the federal constitution, and thus our constitutional standard applies. So long as sanctions are decided by a judge and not a jury, the South Carolina Constitution mandates an appellate court take its own view of the facts. S.C. Const art. V, § 5.

The "abuse of discretion" standard urged by Father does, however, play a role in the appellate review of a sanctions award. An abuse of discretion occurs where the decision is controlled by an error of law or is based on unsupported factual conclusions. *See, e.g., Zabinski v. Bright Acres Assoc.,* 346 S.C. 580, 553 S.E.2d 110 (2001) (emphasis supplied). For example, where the appellate court agrees with the trial court's findings of fact, it reviews the decision to award sanctions, as well as the terms of those sanctions, under an abuse of discretion standard. *Cf., McDowell v. South Carolina Dep't of Soc. Serv.,* 304 S.C. 539, 405 S.E.2d 830 (1991) (in reviewing attorney's fee sanction imposed pursuant to S.C.Code Ann. § 15–77–300, appellate court looks to whether acts of party sanctioned had reasonable basis in law and fact).

We adhere to our constitutionally mandated scope of review.

3. Whether the Court of Appeals committed errors in setting aside the $22,000 sanction based on its view of the evidence?

We have reviewed the record in this matter, the family court's order, and the opinion of the Court of Appeals. We find that while DSS's conduct in this matter was flawed in some respects, Father did not meet his burden of proving that DSS acted without a proper purpose in this case. § 15–36–20. We agree with the Court of Appeals' view of the evidence, and therefore affirm the decision setting aside the FCPSA sanction.

4. Whether Rule 11, SCRCP, sanctions should be considered in this matter?

The Court of Appeals held that the "criteria for Rule 11 sanctions are essentially the same as those for sanctions under the [FCPSA] Act." *The Father v. DSS,* 345 S.C. at 72, 545 S.E.2d at 531. Accordingly, it held that since Father could not prevail under the FCPSA, the family court commit-

ted no error in failing to sanction DSS pursuant to the Rule.[5] *Id.* Father contends this was error. We disagree.

We agree with the Court of Appeals that the standard for sanctions under Rule 11 is essentially the same as that of the FCPSA. *Compare Runyon v. Wright,* 322 S.C. 15, 471 S.E.2d 160 (1996) (Rule 11 sanction for frivolous filing or argument, or for bad faith filing) *with Pool v. Pool,* 321 S.C. 84, 467 S.E.2d 753 (Ct.App.1996), *aff'd as modified,* 329 S.C. 324, 494 S.E.2d 820 (1998) (standard for FCPSA sanction is frivolity). Accordingly, we affirm the Court of Appeals' holding that there is no basis to remand the case to the family court for consideration of Father's request for Rule 11 sanctions.

## CONCLUSION

For the reasons given above, the decision of the Court of Appeals reversing the award of sanctions to Father is

AFFIRMED.

TOAL, C.J., WALLER, BURNETT, JJ., and Acting Justice HENRY F. FLOYD, concur.

---

5. Thus, neither of these courts reached the issue of whether an award pursuant to the FCPSA and one pursuant to the Rule would constitute a "double sanction." We, likewise, do not reach that issue.