PER CURIAM:

THIS OPINION HAS NO 
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY 
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ex Parte:
Christine A. Dunagin, Respondent,
In Re:
BB&T Bankcard Corporation, Appellant,
v.
Mike Simpson, Jr. and Eula L. Simpson, Defendants.
 
 
 

Appeal From Pickens County
Henry F. Floyd, Circuit Court Judge

Unpublished Opinion No. 2005-UP-022
Submitted November 1, 2004  Filed January 
 13, 2005

AFFIRMED

 
 
 
John William Ray, of Greenville, for Appellant.
Rodney Wade Richey, of Greenville, for Respondent.
 
 
 

PER CURIAM:  BB&T Bankcard Corporation 
 (BB&T) appeals the circuit courts denial of its motion for attorneys fees 
 and costs against Christine A. Dunagin pursuant to Rule 11, SCRCP.  We affirm. 
 [1] 
FACTS
BB&T brought a breach of contract 
 action against Mike and Eula Simpson after the Simpsons defaulted on their credit 
 card agreement.  The Simpsons, through their counsel, Dunagin, responded with 
 a general denial, and further stated they had retained counsel for the purpose 
 of filing bankruptcy, in which this matter will be dealt with.  BB&T moved 
 for summary judgment or in the alternative to strike claiming the answer was 
 filed for delay and violated SCRCP 11(a).  BB&T also proceeded with discovery 
 and served interrogatories on the Simpsons.  
Dunagin wrote BB&Ts 
 counsel, acknowledging receipt of discovery requests and informing him it is 
 estimated that the Simpsons will be filing for Chapter 13 bankruptcy protection 
 within 1 to 2 weeks, therefore, we will not be responding to the discovery requests.  
 Counsel responded by noticing the Simpsons depositions.  Three days prior to 
 the scheduled depositions, Dunagin again wrote to BB&Ts counsel informing 
 him the Simpsons had filed a bankruptcy petition under Chapter 13, thereby staying 
 BB&Ts action against them.  Counsel filed a motion for sanctions pursuant 
 to Rule 11, SCRCP, claiming the Simpsons answer was filed and served in bad 
 faith and purely for delay, and the Plaintiff is entitled to an award of fees 
 and costs from attorney Dunagin as a matter of law.  Following a hearing, 
 the trial court denied the motion for sanctions in a form order without assigning 
 specific reasons for the denial.  
DISCUSSION
BB&T argues the trial court 
 erred in denying its motion for attorneys fees and costs pursuant to Rule 11, 
 SCRCP.  We disagree.
The criteria for awarding sanctions 
 pursuant to Rule 11 are essentially the same as those for sanctions under the 
 Frivolous Civil Proceedings Act.  Father v. SCDSS, 353 S.C. 254, 262, 
 578 S.E.2d 11, 15 (2003).  The decision whether to impose sanctions under the 
 FCPSA sounds in equity rather than at law.  Id. at 260, 578 S.E.2d at 
 14.  In such an action, an appellate court has jurisdiction to find facts in 
 accordance with its own view of the preponderance of the evidence.  S. C. Const. 
 Art. V, § 5; see also Townes Assocs. Ltd. v. City of Greenville, 
 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).  However, following a determination 
 of the facts, an appellate court applies an abuse of discretion standard in 
 reviewing the decision to award sanctions and the specific sanctions awarded.  
 Father, 353 S.C. at 261, 578 S.E.2d at 14.  
Rule 11(a), SCRCP provides in 
 part:

The signature of an attorney or party [on a pleading, motion or other paper] 
 constitutes a certificate by him that he has read the pleading, motion or other 
 paper; and that to the best of his knowledge, information and belief there is 
 good ground to support it; and that it is not interposed for delay.

Under the rule, the court may sanction an attorney 
 for filing a pleading in bad faith (i.e., to cause unnecessary delay) irrespective 
 of whether there is good ground to support it.  Runyon v. Wright, 322 
 S.C. 15, 19, 471 S.E.2d 160, 162 (1996).  The sanction may include an order 
 to pay the reasonable costs and attorneys fees incurred by the party or parties 
 defending against the action brought in bad faith.  Id.; Rule 11(a)
SCRCP.  

Here, BB&T argues the sole 
 purpose of the Answer was to detain and impair the authority of the lower court 
 and to delay and generate further injury to the opposing party.  As evidence 
 of bad faith, BB&T points to Dunagins general denial of the allegations 
 contained in its complaint, and her later decision not to respond to discovery 
 requests.  
The circuit court did not make 
 specific findings of fact or rule on BB&Ts allegations of bad faith in 
 filing the answer. The courts order simply stated, Plaintiffs Motion for 
 Sanctions is DENIED.  The record does not indicate and BB&T does 
 not contend it filed a 59(e) motion asking the court to provide the factual 
 basis for its ruling or address BB&Ts allegations of bad faith.  
However, the Simpsons answer clearly disclosed 
 their intention to file for bankruptcy protection under Chapter 13.  Dunagins 
 later correspondence with BB&T explained the decision not to respond to 
 discovery requests was in anticipation of the Simpsons petitioning for bankruptcy.  
 We hold these facts support the courts conclusion that Dunagin did not engage 
 in sanctionable behavior in this case.  The record reveals her willingness to 
 disclose, at the first opportunity, the intention of her clients to seek bankruptcy 
 protection.  Consequently, after carefully reviewing the factual circumstances, 
 we hold the circuit court did not abuse its discretion in denying BB&Ts 
 motion for sanctions pursuant to Rule 11, SCRCP.  
AFFIRMED.  
ANDERSON, STILWELL, and SHORT, JJ., 
 concur. 

 
 
 [1]         We decide this case without oral argument pursuant to Rule 
 215, SCACR.