**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Alexander Guice, Appellant,

v.

Pamela Lee, Respondent.

Appellate Case No. 2013-000593

---

Appeal From Horry County
Georgia V. Anderson, Family Court Judge

---

Unpublished Opinion No. 2015-UP-055
Submitted December 1, 2014 – Filed January 28, 2015

---

**AFFIRMED**

---

Alexander Guice, of Tampa, Florida, pro se.

Pamela Lee, of Conway, pro se.

---

**PER CURIAM:** Alexander Guice appeals an order from the family court, asserting the family court should have modified the divorce order and redistributed the marital assets and debts, and alleging violations of the code of judicial conduct for various administrative and procedural deficiencies and for failing to report Guice's allegations of judicial and attorney misconduct. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the family court erred in failing to modify the final divorce order and redistribute the marital assets and debts:  S.C. Code Ann. § 20-3-620(C) (2014) ("The [family] court's order as it affects distribution of marital property shall be a final order not subject to modification except by appeal or remand following proper appeal."); *Green v. Green*, 327 S.C. 577, 581, 491 S.E.2d 260, 262 (Ct. App. 1997) (stating "the law in South Carolina is exceedingly clear that the family court does not have the authority to modify court ordered property divisions"); *Burns v. Burns*, 323 S.C. 45, 48, 448 S.E.2d 571, 572 (Ct. App. 1994) (finding a husband's assumption of his wife's debt obligations were part of the unappealed division of marital property and were therefore non-modifiable).

2.  As to the remaining issues:  *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Bodkin v. Bodkin*, 388 S.C. 203, 219, 694 S.E.2d 230, 239 (Ct. App. 2010) ("When the family court does not rule on an issue presented to it, the issue must be raised by a post-trial motion to be preserved for appeal"); *Barrow v. Barrow,* 394 S.C. 603, 615, 716 S.E.2d 302, 309 (Ct. App. 2011) (holding an issue is not preserved for appellate review when the family court does not address the issue in its order and the party fails to raise the issue in a Rule 59(e), SCRCP, motion).

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.