**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Timothy W. Howe, Individually and as Personal Representative of the Estate of Wayne Erwin Howe, Deceased, and Jeannette Howe, Respondents,

v.

Air & Liquid Systems Corp., individually and as successor-in-interest to Buffalo Pumps, Inc.; Albany International Corp.; Asten-Johnson, Inc.; Aurora Pump Company; A.W. Chesterton Company; Borg Warner Morse TEC, Inc., as successor to Borg-Warner Corporation; CBS Corporation, A Delaware Corporation f/k/a Viacom, Inc., successor by merger to CBS Corporation, A Pennsylvania Corporation, f/k/a Westinghouse Electric Corporation; CGR Products, Inc. f/k/a Carolina Gasket and Rubber Company; CNA Holdings, Inc., f/k/a Hoechst Celanese Corporation; Celanese Corporation f/k/a Hoechst Celanese Corporation (sued individually and as successor-in-interest to Fiber Industries, Inc.); Cleaver Brooks, Inc.; Covil Corporation; Crane Co.; Crown Cork & Seal Company, Inc.; Daniel International Corporation; Fluor Enterprises, Inc., f/k/a Fluor Daniel, Inc., f/k/a Daniel Construction Company, Inc.; Fluor Daniel Services Corporation; Foster Wheeler Energy Corporation; General Electric Company; The Gorman-Rupp Company; Goulds Pumps, Incorporated; Ingersoll-Rand Company; Metropolitan Life Insurance Company, a wholly-owned subsidiary of MetLife Inc.; Peerless Pump Company; Presnell Insulation, Inc.; Riley Power, Inc., Individually and as successor-in-interest to Babcock Borsig Power, Inc., and Riley Stoker Corporation,

Individually and as successor-in-interest to D.B. Riley; SEPCO Corporation; Sterling Fluid Systems (USA) LLC; Trane U.S., Inc., f/k/a American Standard, Inc., f/k/a American Radiator & Standard Manufacturing Company; Uniroyal, Inc., f/k/a United States Rubber Company, Inc.; United Conveyor Corporation; Velan Valve Corp.; Viking Pump, Inc.; Warren Pumps LLC; and Zurn Industries, Defendants,

Of which Cleaver Brooks, Inc. is the Appellant.

Appellate Case No. 2019-000164

_____

Appeal From York County
Jean Hoefer Toal, Acting Circuit Court Judge

_____

Unpublished Opinion No. 2021-UP-422
Submitted September 1, 2021 – Filed December 1, 2021

_____

**AFFIRMED**

_____

Matthew Todd Carroll, of Womble Bond Dickinson (US) LLP, of Columbia; M. Elizabeth O'Neill, of Womble Bond Dickinson (US) LLP, of Charlotte, NC; and Steven James Pugh, of Richardson Plowden & Robinson, PA, of Columbia, all for Appellant.

Theile Branham McVey and John D. Kassel, both of Kassel McVey, of Columbia; and Renee Melancon and Jonathan Marshall Holder, both of Dean Omar Branham Shirley, LLP, of Dallas, TX, all for Respondents.

_____

**PER CURIAM:** Cleaver-Brooks, Inc. (Cleaver-Brooks) appeals an order requiring it to pay all of the attorneys' fees, costs, and expenses for Timothy W. Howe, Individually and as Personal Representative of the Estate of Wayne Erwin

Howe, Deceased, and Jeannette Howe (the Howes).  Cleaver-Brooks argues (1) the trial court's order is contrary to the history of the case; (2) the Howes waived any argument for sanctions by questioning the witnesses about documents upon which their request for sanctions was based; (3) the court's sanctions order is procedurally improper; and (4) the sanctions are grossly disproportionate and amount to an abuse of discretion.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court's order is contrary to the history of the case, we agree with the trial court's findings of fact and conclude the trial court did not abuse its discretion in imposing sanctions in the form of attorneys' fees and costs on Cleaver-Brooks for failing to provide discovery.  *See* Rule 26(b)(1), SCRCP ("Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."); Rule 34(a), SCRCP (allowing any party to request from any other party "any designated documents, or electronically stored information (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained [and] translated, if necessary, by the respondent through detection devices into reasonably usable form) . . . which are in the possession, custody or control of the party upon whom the request is served"); Rule 37(b)(2), SCRCP (providing "[i]f a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, . . . the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust"); *Scott v. Greenville Hous. Auth.*, 353 S.C. 639, 652, 579 S.E.2d 151, 158 (Ct. App. 2003) ("The gist and gravamen of the discovery rules mandate full and fair disclosure to prevent a trial from becoming a guessing game or one of ambush for either party."); *id.* ("Discovery is the quintessence of preparation for trial and, when discovery rights are trampled, prejudice must be presumed."); *Davis v. Parkview Apartments*, 409 S.C. 266, 281, 762 S.E.2d 535, 543 (2014) ("The imposition of sanctions is generally entrusted to the sound discretion of the [trial c]ourt." (quoting *Downey v. Dixon*, 294 S.C. 42, 45, 362 S.E.2d 317, 318 (Ct. App. 1987))); *Father v. S.C. Dep't of Soc. Servs.*, 353 S.C. 254, 261, 578 S.E.2d 11, 14 (2003) ("[W]here the

appellate court agrees with the trial court's findings of fact, it reviews the decision to award sanctions, as well as the terms of those sanctions, under an abuse of discretion standard."); *id.* ("An abuse of discretion occurs where the decision is controlled by an error of law or is based on unsupported factual conclusions.").

2.      As to whether the Howes waived any argument for sanctions by questioning the witnesses about documents upon which their request for sanctions is based, we find Cleaver-Brooks put unit number 0-18344 at issue by listing both unit numbers in its Bowater file; thus, the Howes were entitled to ask the witnesses about the boilers without waiving their right to sanctions for failure to provide discovery. *Cf. Frazier v. Badger*, 361 S.C. 94, 104, 603 S.E.2d 587, 592 (2004) ("A litigant cannot complain of prejudice by reason of an issue he has placed before the court."). Further, sanctions are imposed by the court at its discretion based on the conduct of the parties. *See* Rule 37(b)(2), SCRCP (providing the court in which an action is pending may award sanctions in regard to the failure to comply with an order compelling discovery as are deemed just by the court); *Floyd v. Thornto*n, 220 S.C. 414, 425-26, 68 S.E.2d 334, 339 (1951) ("One may not on review complain of a ruling which he has invited or induced the trial court to make."). We additionally find the Howes preserved their right to move for sanctions by their objection to the "midnight documents" following Cleaver-Brooks' motion for directed verdict and their request during trial to move for sanctions at a later time. *See Richardson on Behalf of 15th Cir. Drug Enf't Unit v. Twenty-One Thousand & no/100 Dollars ($21,000.00) U.S. Currency & Various Jewelry*, 430 S.C. 594, 598, 846 S.E.2d 14, 16 (Ct. App. 2020) ("The text of Rule 37, SCRCP, tells us a party does not need to file a motion to compel to request a sanction for another party's failure to answer a properly served discovery request. A party served with written discovery has a duty to answer it, unless the party objects based on a stated reason or moves for a protective order."); *id.* at 599, 846 S.E.2d at 16 ("The sanctions authorized by Rule 37(d) are therefore available even to a discovering party who has not spoken up about his adversary's silence."); *id.* ("The distinction between the two subdivisions [of Rule 37] is that there must be an order of the [c]ourt before sanctions are imposed under subdivision (b), while under subdivision (d)[,] a party may move directly for the imposition of sanctions.").

3.      As to whether the court's sanctions order is procedurally improper, we find no error in the court's decision to instruct the clerk of court to wait to enter the verdict until after the court rendered its decision on the motion for sanctions against Cleaver-Brooks. *See* Rule 58, SCRCP (providing "upon a general verdict of a jury, . . . the clerk, *unless the court otherwise orders*, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court"

(emphasis added)).  We also agree with the trial court that the "midnight documents" were requested by the Howes, and Rule 37(b)(2), SCRCP, applies as Cleaver-Brooks violated the discovery order by not producing the requested documents until mid-way through trial.  *See* Rule 37(b)(2) (allowing for sanctions for failure to provide discovery).

4.      As to whether the sanctions are grossly disproportionate and amount to an abuse of discretion, we find the court was permitted to exclude the "midnight documents" and award sanctions in the form of attorneys' fees and costs.  *See* Rule 37(b)(2), SCRCP (permitting more than one sanction for the same wrong).  We also find the trial court did not abuse its discretion in awarding the Howes attorneys' fees and costs due to Cleaver-Brooks' failure to cooperate with the discovery process and mid-trial production of documents despite numerous requests.  *See McNair v. Fairfield Cnty.*, 379 S.C. 462, 465, 665 S.E.2d 830, 832 (Ct. App. 2008) ("Under Rule 37(b)(2)(C), SCRCP, when a party fails to comply with a discovery order, the trial court has the discretion to impose a sanction it deems just, including an order dismissing the action."); *Davis*, 409 S.C. at 283, 762 S.E.2d at 544 (determining the sanctions imposed were not unduly harsh in light of the appellants' willful and repeated failure to comply with various orders of the trial court, which resulted in unnecessary delay and prejudice to the respondents); *McNair*, 379 S.C. at 467, 665 S.E.2d at 832-33 (finding "the severe sanction" of dismissal was appropriate in light of the defendant's failure to produce documents seven and a half months after the trial court granted the plaintiff's motion to compel, which this court determined amounted to willful disobedience and resulted in delay and prejudice to the plaintiff's right to have the claim heard); *Temple v. Tec-Fab, Inc.*, 370 S.C. 383, 390, 635 S.E.2d 541, 544-545 (Ct. App. 2006), *aff'd in part, rev'd in part on other grounds*, 381 S.C. 597, 675 S.E.2d 414 (2009) (finding the trial court did not abuse its discretion when it excluded evidence as a sanction for defendant's actions in failing to provide, until the day before trial, documents pursuant to an order compelling production); *QZO, Inc. v. Moyer*, 358 S.C. 246, 257-58, 594 S.E.2d 541, 548 (Ct. App. 2004) (holding the trial court properly considered the severity of the sanction when it struck a pleading based on the appellant's intentional defiance of the trial court's order and his willful destruction of evidence); *Scott*, 353 S.C. at 652, 579 S.E.2d at 158 (noting the trial court had the option to completely strike a party's pleadings in the matter as a sanction for its failure to cooperate in discovery); *Griffin Grading & Clearing, Inc.*, 334 S.C. 193, 199, 511 S.E.2d 716, 719 (Ct. App. 1999) (finding the striking of the defendant's answer as a discovery sanction was warranted based on the defendant's egregious failure to comply meaningfully with four prior orders compelling discovery, even after being warned of the consequences of its failure to

comply and after being assessed attorney's fees); *id.* ("In determining the appropriateness of a sanction, the court should consider such factors as the precise nature of the discovery and the discovery posture of the case, willfulness, and degree of prejudice."); *Barnette v. Adams Bros. Logging*, 355 S.C. 588, 593, 586 S.E.2d 572, 575 (2003) (stating "[a] trial judge's exercise of his discretionary powers with respect to sanctions imposed in discovery matters will not be disturbed on appeal absent a clear abuse of discretion" and "[t]he burden is on the party appealing from the order to demonstrate the trial court abused its discretion"). Furthermore, we find the amount of attorneys' fees awarded was reasonable. *See* Rule 37(b)(2), SCRCP (providing a trial court may award reasonable expenses, including attorneys' fees, for a party's failure to cooperate in discovery); *Burton v. York Cnty. Sheriffs Dep't*, 358 S.C. 339, 357, 594 S.E.2d 888, 898 (Ct. App. 2004) (stating the amount of attorneys' fees to be awarded in a case is within the discretion of the trial judge); *id.* at 358, 594 S.E.2d at 898 (noting the six factors a court considers when determining the amount of attorneys' fees are: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services."). Finally, we find the requested litigation costs were supported with an affidavit as required by Rule 54(d), SCRCP, and were within the court's discretion because Cleaver-Brooks' failure to timely produce the "midnight documents" pervaded the trial and that evidence was important to the Howes' decision to go to trial in the first place.

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.