# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Nancy C. Fennell, Respondent,

v.

James M. Fennell, Appellant.

Appellate Case No. 2024-000555

---

Appeal From Richland County
Michelle M. Hurley, Family Court Judge

---

Opinion No. 6141
Submitted March 2, 2026 – Filed March 18, 2026

---

## AFFIRMED

---

James M. Fennell, of Columbia, pro se.

Nancy C. Fennell, of Irmo, pro se.

---

**PER CURIAM:** James M. Fennell (Father) appeals the family court's order (1) finding him in willful contempt for violating his final divorce decree (the Divorce Decree) with Nancy C. Fennell (Mother); (2) requiring him to pay college tuition and expenses for Katelyn Fennell (Daughter); and (3) requiring him to pay Mother's attorney's fees. On appeal, Father argues the family court erred because the clause addressing Daughter's college tuition and related expenses was ambiguous, there was no meeting of the minds, and his actions were not willful; thus, he was not required to reimburse Mother for past college tuition and expenses, contribute equally to Daughter's future college tuition and expenses, and pay Mother's attorney's fees. We affirm.

Mother and Father married on April 5, 1997, had three children together, including Daughter, and divorced on May 11, 2010. The family court approved and incorporated the marital settlement agreement (the Agreement) into the parties' Divorce Decree. The Agreement's "College Expenses" provision stated "[b]oth parties agree[d] to contribute equally to the tuition and other expenses necessary for the Children to pursue a college education." On November 9, 2023, Mother filed a petition for a rule to show cause alleging Father was in willful contempt of the Divorce Decree because he refused to pay his equal share of Daughter's tuition and necessary related expenses. Father answered, denying that his failure to pay his equal share was willful, deliberate, or in violation of the Divorce Decree. After a hearing, the family court found Father had willfully violated the Divorce Decree and ordered Father to pay $5,481.00 for one semester, with the failure to do so resulting in 120 days' incarceration, which would be purged upon payment; and $5,485.67 for a second semester, with the failure to do so resulting in thirty days' incarceration, which would be purged upon payment. Further, the family court found Mother was entitled to attorney's fees because she had to file the action to force Father to comply with the Divorce Decree.

We hold the family court did not err in finding Father willfully violated the Divorce Decree and ordering Father to pay Daughter's college tuition and expenses.[1] *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, [an appellate c]ourt reviews factual and legal issues de novo."); *Lewis v. Lewis*, 392 S.C. 381, 384-85, 709 S.E.2d 650, 651 (2011) (explaining the appellate court has the authority to find the facts in accordance with its own view of the preponderance of the evidence in appeals from the family court); *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018) ("[D]e novo review allows an appellate court to make its own findings of fact; however, this standard does not abrogate two long-standing principles still

---

[1] We address the first and second issues on appeal together. Regarding his second issue on appeal, Father argues the family court erred in failing to find the doctrine of impossibility excused his performance and that Mother's "unclean hands" barred relief. We find these arguments are not preserved for appellate review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [family court]."). To the extent Father argues the family court erred in finding Mother and Daughter had no duty to mitigate the costs associated with attending college, our holding that the Divorce Decree was clear and unambiguous as to Father's responsibility to contribute equally toward Daughter's college tuition and expenses resolves this argument.

recognized by our courts during the de novo review process: (1) a trial [court] is in a superior position to assess witness credibility, and (2) an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the trial [court].").[2] Here, the "College Expenses" provision in the Divorce Decree stated "[b]oth parties agree[d] to contribute equally to the tuition and other expenses for the Children to pursue a college education," which clearly and unambiguously required Father to pay 50% towards Daughter's college tuition and other expenses. *See Gibson v. Epting*, 426 S.C 346, 351, 827 S.E.2d 178, 181 (Ct. App. 2019) ("Ambiguity of a contract is a question of law, which [an appellate court] review[s] de novo."); *Nicholson v. Nicholson*, 378 S.C. 523, 532, 663 S.E.2d 74, 79 (Ct. App. 2008) ("In South Carolina, the construction of a separation agreement is a matter of contract law." (quoting *Davis v. Davis*, 372 S.C. 64, 75, 641 S.E.2d 446, 451 (Ct. App. 2006))); *id.* ("The court's only function with an agreement that is clear and capable of legal construction is to interpret its lawful meaning and the intention of the parties as found within the agreement and to give them effect."); *id.* ("In the enforcement of an agreement, the court does not have the authority to modify terms that are clear and unambiguous on their face." (quoting *Messer v. Messer*, 359 S.C. 614, 621, 598 S.E.2d 310, 314 (Ct. App. 2004))). Father willfully violated the Divorce Decree when he refused to pay his

---

[2] Since *Stoney*, this court has reviewed contempt actions under both the abuse of discretion and the de novo standard of review. *See Campione v. Best*, 435 S.C. 451, 458, 458 n.1, 868 S.E.2d 378, 381, 381 n.1 (Ct. App. 2021) (stating the abuse of discretion standard applies to contempt orders and acknowledging that *Stoney* could mean the standard should be de novo, but determining the resolution in that case would be the same under either standard of review); *Desilet v. Desilet*, Op. No. 2024-UP-029 (S.C. Ct. App. filed Jan. 24, 2024) (reviewing an order of contempt de novo and recognizing that the standard of review for contempt orders may be abuse of discretion, but determining the resolution of that case would be the same under either standard); *Taylor v. Taylor*, 434 S.C. 307, 318, 863 S.E.2d 335, 341 (Ct. App. 2021) (reviewing the family court's contempt order de novo); *Clark v. Clark*, 446 S.C. 90, 98, 917 S.E.2d 917, 921 (Ct. App. 2025) ("A finding of contempt is within the discretion of the trial court and will not be disturbed on appeal unless it is without evidentiary support." (quoting *Burns v. Burns*, 323 S.C. 45, 48, 448 S.E.2d 571, 572-73 (Ct. App. 1994))), *cert. denied* (Dec. 16, 2025). In *Stoney*, our supreme court reversed this court's application of the abuse of discretion standard in a family court action regarding numerous issues, including a contempt issue, and remanded for this court to apply the de novo standard of review. We read *Stoney* as requiring a de novo standard of review for contempt actions in family court.

equal contribution towards Daughter's college tuition and other necessary expenses as required in the Agreement.

Finally, we hold the family court did not err in awarding Mother compensatory attorney's fees totaling $3,205.27. Mother was forced to file a petition for a rule to show cause to get Father to comply with the Divorce Decree, the family court determined Father willfully violated the Divorce Decree, and under the compensatory contempt theory Mother may recover the costs she incurred in forcing the non-complying party, here Father, to obey the Divorce Decree. *See Fossett v. Fossett*, 440 S.C. 576, 587, 891 S.E.2d 515, 521 (Ct. App. 2023) ("An appellate court reviews 'a family court's award of attorney's fees de novo.'" (quoting *Stone v. Thompson*, 428 S.C. 79, 92, 833 S.E.2d 266, 272 (2019))); *Bristol v. Lipnevicius*, 444 S.C. 373, 390, 906 S.E.2d 618, 628 (Ct. App. 2024) ("Courts, by exercising their contempt power, can award attorney's fees under a compensatory contempt theory." (quoting *Miller v. Miller*, 375 S.C. 443, 463, 652 S.E.2d 754, 764 (Ct. App. 2007))); *id.* ("Compensatory contempt seeks to reimburse the party for the costs it incurs in forcing the non-complying party to obey the court's orders." (quoting *Miller*, 375 S.C. at 463, 652 S.E.2d at 764)); *id.* at 390-91, 906 S.E.2d at 628 ("In a civil contempt proceeding, a contemnor may be required to reimburse a complainant for the costs he incurred in enforcing the court's prior order, including reasonable attorney's fees." (quoting *Miller*, 375 S.C. at 463, 652 S.E.2d at 764)); *id.* at 391, 906 S.E.2d at 628 ("Courts u[se] compensatory contempt to restore the plaintiff as nearly as possible to his original position. Therefore[,] it is remedial." (first alteration in original) (quoting *Curlee v. Howle*, 277 S.C. 377, 386, 287 S.E.2d 915, 919 (1982))); *id.* ("[T]he compensatory award should be limited to the complainant's actual loss. Included in the actual loss are the costs in defending and enforcing the court's order, including litigation costs and attorney's fees." (alteration in original) (quoting *Curlee*, 277 S.C. at 387, 287 S.E.2d at 920)).

**AFFIRMED.**[3]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.