**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Grant Meisner, Respondent,

v.

Rhonda Meisner, Appellant,

and

Courtney Lehr, Intervenor.

Appellate Case No. 2022-000437

---

Appeal From Richland County
Rosalyn Frierson-Smith, Family Court Judge

---

Unpublished Opinion No. 2026-UP-153
Submitted March 2, 2026 – Filed April 1, 2026

---

**AFFIRMED**

---

Rhonda Meisner, of Blythewood, pro se.

Sheila McNair Robinson, of Moore Bradley Myers Law Firm, P.A., of West Columbia; and Katherine Carruth Goode, of Columbia, both for Respondent.

Rebecca Poston Creel, of Creel Family Law, LLC, of Columbia, for Intervenor.

Richard Giles Whiting, of Law Offices of Richard Whiting, of Fernandina Beach, Florida, as the Guardian ad Litem.

———————

**PER CURIAM:**  Rhonda Meisner appeals family court orders (1) denying her motion to compel Courtney Lehr's deposition and ordering she contribute to Lehr's attorney's fees and (2) denying her motion to alter and amend an award of attorney's fees.  On appeal, Meisner argues the family court erred when it awarded attorney's fees to Lehr because (1) Lehr is a nonparty deponent, (2) Lehr's attorney did not enter a notice of appearance pursuant to Rule 8 of the South Carolina Rules of Family Court, and (3) Lehr's attorney failed to serve a filed attorney's fees affidavit in advance of the hearing.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the family court did not err when it awarded attorney's fees to a nonparty because section 63-3-530(A)(38) of the South Carolina Code (2010) allows the family court to award attorney's fees *against* a party subject to the court's jurisdiction and does not limit who may receive the fees.  *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *id.* at 91-92, 833 S.E.2d at 272 ("Even under de novo review, the longstanding principles that trial [courts] are in superior positions to assess witness credibility and that appellants must show the trial [court] erred by ruling against the preponderance of the evidence remain applicable."); *id.* ("[Appellate courts] review[] a family court's award of attorney's fees de novo."); *Burns v. Burns*, 323 S.C. 45, 49, 448 S.E.2d 571, 573 (Ct. App. 1994) ("The law is well settled that attorney's fees generally are not recoverable unless authorized by statute or contract."); § 63-3-530(A)(38) ("Suit money, including attorney's fees, may be assessed for or against a party to an action brought in or subject to the jurisdiction of the family court."); *Spartanburg Cnty. Dep't of Soc. Servs. v. Little*, 309 S.C. 122, 125, 420 S.E.2d 499, 501 (1992) ("The legislature has granted the family court general authority to award attorney's fees against parties subject to the court's jurisdiction.").

2.  We hold Meisner's argument that the family court erred in awarding attorney's fees to Lehr when Lehr's counsel failed to enter a notice of appearance is not preserved for appellate review because Meisner has presented this argument for the first time on appeal.  *See Brown v. Brown*, 392 S.C. 615, 621, 709 S.E.2d 679, 682

(Ct. App. 2011) ("An issue not raised to the family court is not preserved for appellate review.").

3.  We hold the family court did not abuse its discretion in awarding attorney's fees to Lehr when Lehr failed to file and serve her attorney's fees affidavit in advance of the hearing because parties are permitted to introduce fee affidavits at trial.  *See Stone*, 428 S.C. at 91, 833 S.E.2d at 272 ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Weller v. Weller*, 434 S.C. 530, 538, 863 S.E.2d 835, 839 (Ct. App. 2021) ("Evidentiary and procedural rulings are reviewed for an abuse of discretion."); *Gartside v. Gartside*, 383 S.C. 35, 42, 677 S.E.2d 621, 625 (Ct. App. 2009) ("An abuse of discretion occurs when the family court's decision is controlled by some error of law or where the order, based upon findings of fact, is without evidentiary support."); *Buist v. Buist*, 410 S.C. 569, 575, 766 S.E.2d 381, 384 (2014) ("During the trial, a party may introduce an attorneys' fee affidavit in support of the party's request for an award of attorneys' fees.").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.